[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR ORDER TO SHOW CAUSE
The plaintiff Lawrence E. Townsend, also known as Munsur Khalif Abdullah, seeks to file this action against the defendants, variously listed in the plaintiffs paperwork as "Queros, E. Manual, Lawier, Aarcouvette," or the Commissioner of Correction. The plaintiff seeks to commence this action by way of an Application for Prejudgment Remedy. The plaintiff has filed these papers pro se, and it is most difficult to glean from them the claims made by the plaintiff. The application asks the court to set a hearing date and issue an order to show cause for the defendants to show why an attachment of $300,000 should not issue to secure an eventual judgment in the plaintiffs favor. There are several problems with this filing that cause the court to decline to issue a show cause order.
1) The plaintiff, who is in the custody of the Commissioner of Correction at Cheshire, has not paid a filing fee or in the alternative filed an application for a waiver of fees and a financial affidavit in support of a waiver of fees.
2) The plaintiffs papers do not contain a complaint stating what the facts of his case are upon which monetary damages in the amount of $300,000 against the defendants could be based.
3) In lieu of a complaint, the plaintiff has filed an Application for Restraining Order and for injunctive relief, which would not support an award of damages.
4) The affidavit of the plaintiff in support of the application for prejudgment remedy is one that contains only the conclusory language of the statute concerning probable cause and does not contain any facts of any kind to support any cause of action.
5) Viewing the entire set of papers as requesting an order to show cause why a temporary injunction should not enter against the defendants rather than as an application for a prejudgment remedy, the plaintiff has alleged no facts to support such an injunction, but merely stated a CT Page 13053 conclusion that the defendants are violating Administrative Directive 9.5 by preventing inmates from having a "choice of three advocates" at any disciplinary hearing conducted by the Department of Correction.
6) The plaintiff has alleged no facts at all in any of the papers that relate to him, but rather seeks relief on behalf of other inmates, whose situation is likewise described only in conclusory terms without any reference to any underlying facts and who do not seek to become plaintiffs in the case.
For all of the above reasons, the plaintiffs Application for Prejudgment Remedy does not comply with Conn. Gen. Stat. § 52-278c
nor with Conn. Practice Book § 8-2. On its face, the papers do not state a claim upon which relief can be granted. Accordingly, the court orders that the clerk accept the plaintiffs papers for filing without fee, that the clerk send a courtesy copy of the plaintiffs papers and of this order to the Office of the Attorney General as a courtesy, and that this matter be and it is hereby dismissed, sua sponte.
Patty Jenkins Pittman, J.